648 So.2d 1190 (1994)
THE FLORIDA BAR, Complainant,
v.
Phillip H. TAYLOR, Respondent.
No. 82526.
Supreme Court of Florida.
November 17, 1994.
Rehearing Denied January 30, 1995.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Tallahassee, Jan K. Wichrowski, Bar Counsel, and James *1191 W. Keeter, Asst. Staff Counsel, Orlando, for complainant.
G. Michael Keenan of G. Michael Keenan, P.A., West Palm Beach, for respondent.
PER CURIAM.
This matter is before the Court on complaint from The Florida Bar and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee found, inter alia, that respondent, Phillip H. Taylor, was employed as an associate attorney at the law firm of Searcy, Denney, Scarola, Barnhardt & Shipley [hereinafter referred to as the Searcy firm]. During his tenure at the Searcy firm, Taylor's duties included pursuing a medical malpractice claim on behalf of Mary Barner and her child. In 1991, Taylor resigned from the Searcy firm and joined the law firm of Gary, Williams, Parenti, Finney & Taylor [hereinafter referred to as the Gary firm]. When Taylor became a member of the Gary firm, Ms. Barner decided to leave the Searcy firm and follow Taylor. Taylor informed Willie Gary, the firm's senior partner, that Ms. Barner was indigent and that the Searcy firm's "medical group" had been advancing her $600.00 per month, pursuant to a promissory note and security agreement signed by Ms. Barner.[1] Loan repayment was to come from the proceeds of the lawsuit. Taylor asked Gary whether his firm had a similar medical group program and whether the firm would be able to continue such monthly support. Gary advised him that the firm had no equivalent medical group and due to ethical concerns involving regular monthly payments to any client, the Gary firm would not continue payments to Ms. Barner. Impressed by Ms. Barner's needs as related to him by Taylor, Gary subsequently issued a check to Ms. Barner in the amount of $200.00 drawn on the firm's account, for basic necessities.
At the disciplinary proceeding, Mr. Gary testified that he knew exactly what he was doing when he signed the check and that he issued the check, without any condition for repayment, because of Ms. Barner's need for basic necessities. Although the payment was referred to as a "loan" the referee found clear and convincing evidence that Taylor and the Gary firm did not establish any pledge, agreement, or expectation of repayment. The referee further found that the check was not given as a condition for continued representation. The referee also found that Taylor had given Ms. Barner used clothing for her child, but again, there was no evidence to suggest an expectation of repayment or that the clothing was given as a condition for continued representation. The Florida Bar charged Taylor with violating the following Rules Regulating The Florida Bar: (1) rule 4-1.8(a) (a lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to the client); (2) rule 4-1.8(e) (a lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except for court costs and expenses of litigation on behalf of indigent clients); and (3) rule 4-1.8(i) (a lawyer shall not acquire a proprietary interest in the client's cause of action or subject matter of litigation).
The referee found no evidence to support violations of rules 4-1.8(a) and 4-1.8(i) and recommended that Taylor be found not guilty as to these charges. The referee also recommended that Taylor be found not guilty of violating rule 4-1.8(e). His decision relative to this charge was premised upon rule 4-1.8(e)'s use of the words "in connection with." In finding that Taylor had not violated 4-1.8(e), the referee stated that:
Absent some kind of condition for repayment from suit proceeds or establishment/maintenance of the attorney/client relationship as a result of the assistance, I simply do not believe it is appropriate to sanction lawyers who provide used clothing for a client's child or persuade the senior partner in the law firm to issue a single check for $200.00 for an indigent client's necessities. I agree with Louisiana State Bar Association v. Edwins, 329 So.2d 437 (La. 1976). State v. Dawson, 111 So.2d 427 (Fla. 1959), is not on point, but is also instructive.
*1192 Rule 4-1.8(e) prohibits financial assistance in connection with pending or contemplated litigation; it does not bar all financial assistance given during the attorney/client relationship. In this case of first impression, it is our opinion that the ethical concerns surrounding the prohibition against attorneys providing financial assistance to clients have consistently focused upon preventing attorneys from promising their clients financial assistance in order to establish or maintain employment. These concerns have also prevented attorneys from acquiring a financial interest in their clients' causes of action. We find Louisiana State Bar Association v. Edwins, 329 So.2d 437 (La. 1976), and The Florida Bar v. Dawson, 111 So.2d 427 (Fla. 1959), informative, although Edwins is not binding on this Court. Under the rationale of Edwins and Dawson, the giving of used clothing to a client is not regarded as unethical when there is no agreement for repayment and the clothing is not given in an effort to maintain employment. We find that there is competent substantial evidence to support the referee's findings. Taylor's conduct was essentially an act of humanitarianism which was not based on any expectation of repayment from the suit proceeds or as a condition of continued representation.
We find that Taylor's conduct does not warrant disciplinary action; accordingly, we approve the referee's recommendation and find that Taylor did not violate Rules Regulating The Florida Bar 4-1.8(a), 4-1.8(e), and 4-1.8(i).
It is so ordered.
OVERTON, SHAW and KOGAN, JJ., and ZEHMER, Associate Justice, concur.
GRIMES, C.J., dissents with an opinion, in which HARDING, J., and McDONALD, Senior Justice, concur.
WELLS and ANSTEAD, JJ., recused.
GRIMES, Chief Justice, dissenting.
In order to prevent attorneys from promoting business through the practice of subsidizing their clients pending the outcome of their lawsuits, The Florida Bar enacted a prophylactic rule which reads as follows:
(e) Financial Assistance to Client. A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:
(1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and
(2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.
R.Reg.Fla.Bar 4-1.8(e). Mr. Taylor's relationship to Ms. Barner was only because of the lawsuit. Therefore, his payment to her of $200 was clearly in connection with pending litigation. Thus, Mr. Taylor violated rule 4-1.8(e). However, in light of the referee's findings and the fact that only a single payment was made, I believe the appropriate discipline in this case would be an admonishment by the grievance committee pursuant to rule 3-5.1(a) of the Rules Regulating The Florida Bar.
HARDING, J., and McDONALD, Senior Justice, concur.
NOTES
[1] There is no evidence to suggest that respondent was involved with the medical group.